IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER LOVE, JR.                                                              PLAINTIFF

v.                            Civil No.   4:23-cv-04038-SOH-BAB

SERGEANT MERCHANT; and
CAPTAIN JAMES WISE                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Christopher Love, Jr., under 42 U.S.C. § 1983.  Before the Court is a Partial Motion for Summary Judgment on the limited issue of exhaustion filed by all Defendants.  (ECF No. 14).  Plaintiff filed a Response.  (ECF No. 21).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I.  BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Corrections, Cummins Unit.  His claims in this action arise from his incarceration at the Hempstead County Detention Center ("HCDC") in March 2023.  Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on April 7, 2023.  (ECF Nos. 1, 2).  The Court granted Plaintiff's IFP Motion on the same date.  (ECF No. 3).  Plaintiff then filed an Amended Complaint on April 17, 2023.  (ECF No. 6).

In his Amended Complaint, Plaintiff names Sargent Merchant and Captain James Wise as defendants in this matter.  (ECF No. 6, pp. 3-4).  Plaintiff claims these Defendants violated his

constitutional rights on March 12, 2023.  Specifically, Plaintiff claims his Eighth Amendment right to be free from cruel and unusual punishment and excessive force was violated, and he claims he was denied medical care.  Plaintiff was a convicted inmate at all times relevant here.  (ECF No. 6).

      The facts alleged by Plaintiff in his Complaint read:

> I was in F Pod in Hempstead County Jail when Officer Zimmerman left my cell unlocked do to me having seizures because I had no cell mate.  Officer Adams came to F Pod and seen my cell open and radio'd Sargent Merchant to come lock me in my cell.  I tried to explain to Sargent Merchant that I have seizures and my cell needed to remain unlocked because I didn't have a cellmate.  He unholstered his CO2 pepperball gun from his side and shot me in my throat 3 feet away.  I told him that he was in front of my door and he opened fire again raising his gun shooting me in my right eye.  I was then placed in the holding cell up front for 2 days without receiving any medical attention.  Captain Wise denied me any type of medical attention for the First two days.  I have vision in my right eye.

(ECF No. 6. pp. 4-5) (errors in original).  Plaintiff also alleges an official capacity claim against Defendants in which he states:

> Hempstead County employees are trained to use the CO2 pepperball gun at 6 ½ - 7 feet from [their] target.  They are in violation of shooting me in the face and locking me in a cell denying me any medical attention.

*Id.* at 6 (errors in original).  Finally, when asked what relief he seeks, Plaintiff stated:

> I am suing for 3 million dollars because I was shot at point blank range in my right eye causing me to lose total vision.  I also want sargent Merchant fired from this job.  I believe I am entitled to these damages because Sargent Merchant and Captain James Wise demonstrated unproffessionalism, showing no concern for my well being.  I lost vision in my right eye and I possibly would still have some type of vision if I would have been taken to the hospital as soon as the incident happened.

*Id*. at 9 (errors in original).

      Defendants filed their Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies on July 3, 2023.  (ECF No. 14).  Defendants accompanied this Motion with Exhibits, a Brief in Support, and a Statement of Indisputable Material Facts.  (ECF Nos. 15,

16). In these documents the Defendants argue, Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as to Defendant Wise only.  Defendants present all grievances and complaints filed by Plaintiff between March 3, 2023 and April 12, 2023.[1]  Defendants note Plaintiff failed to name Defendant Wise in his grievances on the issues included in his Amended Complaint.  The HCDC grievance procedure requires Plaintiff to specifically name all HCDC personnel involved in the complained of conduct. (ECF No. 16-4, p. 1).  Thus, Defendants argue, Plaintiff has failed to exhaust his administrative remedies pursuant to the PLRA because he did not satisfy the HCDC grievance procedure. (ECF No. 15).

In his Response to Defendants' Partial Motion for Summary Judgment, Plaintiff does not contest the fact he failed to name Defendant Wise in his grievances, or allege he was unable to grieve the issues raised in his complaint against Defendant Wise. (ECF No. 21).  Instead, Plaintiff argues his substantive claim of excessive force against Defendant Merchant and then states: "Capt. Wise is over the Jail and [responsible] for his Jailers."  (ECF No. 21).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the

---

[1] The incident at issue (use of the pepper ball gun) occurred on March 12, 2023 and Plaintiff signed his Amended Complaint on April 12, 2023. (ECF No. 6). Accordingly, any grievances or complaints filed outside of this time-period are irrelevant to the Court's considerations on exhaustion here.

non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

The parties do not dispute the HCDC has a grievance procedure, and that said grievance procedure requires the Plaintiff to specifically name all HCDC employees involved in his complained of conduct. The HCDC grievance procedure reads in pertinent part:

> The grievance shall state fully the time, date[,] and names of those detention officers and/or staff members involved, and pertinent details of the incident including the names of any witnesses.

(ECF No. 16-4, p. 1).

The parties also do not dispute Plaintiff filed a grievance, against Defendant Merchant and other non-party officers, regarding the use of excessive force and denial of medical care complained of in his Amended Complaint. Said Grievance, Number 592, submitted on March 30, 2023 reads:

4

# Grievance

Print

| Profile Photo | Offender Info | |
|---|---|---|
| | Inmate: | Christopher Love |
| | Inmate PIN: | 33642 |
| | Inmate Active/Inactive: | A |
| | Submitted Date: | 2023-03-30 08:14:52 |
| | Submitted From Location/Room: | C- |
| | Current Location/Room: | C- |
| | Facility: | Hempstead County Ar - 8707771 |
| | Form Info | |
| | Form: | Grievance |
| Audit Photo | Form ID: | 592 |
| | Form State | |

**Exhibit A2 - Requests and Grievances - Page 28**

USCA8 54



Status: Resolved
Escalation Level: 0
Offender Can Appeal: Yes
Assigned To:
Assigned Date:

**Summary of Form:**

**Date of Occurance:**
03122023

**Individuals Involved:**
Sargent MerchantOfficer Zimmermanand Officer Adams

**Complaint:**
I was in f pod and Sargent Merchant shot me in my neck around 3 feet away with the co2 pepperball gun when i tried to explain to him that i have seizures and wasnt suppose to be locked down in my cell by myselfThen he opened fire again when i tried to enter my cell and he was in front of my cell and he open fire again shooting me in my right eye around three feet awayI then hit the ground and he walked me to the front without any handcuffs on I feel that what he did was wrong and something needs to be done about thisIt was two days before i even got any medical attention after the incident took placeI went to the hospital and had to be rushed to UAMS in little rock where the doctor said i should have came the same day and that i wouldnt be able to see again out of my right eye the sameNow ive been having seizures on a regular basis and having headaches

**Time of occurance:**
1130-1200 pm

5

| DATE/TIME | SENDER | TAGGED USER | IS INTERNAL | ESCALATED | MESSAGE |
|---|---|---|---|---|---|
| 2023-04-05 10:33:41 | Mevans | | External Note | | We will give you your medical records you are allowed to get. |
| 2023-04-05 10:31:51 | Mevans | | Internal Note | | Mevans (Mevans) reviewed form |
| 2023-04-03 11:49:07 | Christopher Love | | External Note | | and there been giving me my meds wrong and giving me out dated meds i still cant see out my right at all im haveing migrains do to light and strain on my left eye just to read to see period |
| 2023-04-03 08:15:34 | Christopher Love | | External Note | | and i would like to change nationalty to ISLAM MUSILM |
| 2023-04-02 09:56:56 | Christopher Love | | External Note | | i need a copy f all my medical from UAMS AND HOPE HOSPITAL |

(ECF No. 16-3, pp. 3-4). However, it is also undisputed Plaintiff failed to identify Defendant Wise or state complaints against Defendant Wise in this, or any other, grievance submitted at the HCDC.

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. Instead, "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The *Jones* Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

6

In *Burns v. Eaton*, the Eighth Circuit applied *Jones* to the Arkansas Department of Corrections' ("ADC") grievance procedure which, like the HCDC procedure, requires all persons involved in the complained of action to be specifically identified. 752 F.3d 1136 (8th Cir. 2014). The *Burns* court held, specific to the ADC grievance procedure, a grievance which does not name a prison official who is later sued cannot satisfy the PLRA exhaustion requirement unless said grievance prompted the ADC to decide the plaintiff's complained of conduct against the unnamed prison official on its merits. *Id*. at 1141. The *Burns* court ultimately held the plaintiff failed to exhaust his administrative remedies pursuant to the grievance procedure of the ADC because the plaintiff failed to name the offending officer in his grievance, and the merits of the plaintiff's complaint were not addressed by the ADC prior to the plaintiff filing his Section 1983 suit. Accordingly, the *Burns* plaintiff failed to satisfy the PLRA exhaustion requirement, and his claim was dismissed. *Id.* at 1142.

The issue presented here is analogous to *Burns*. Plaintiff did not comply with the HCDC grievance procedure when he failed to name Defendant Wise in his grievance regarding his denial of medical care claim. Therefore, the issue of whether Defendant Wise denied Plaintiff medical care was not presented to the HCDC for administrative consideration on its merits, and Plaintiff failed to exhaust his administrative remedies on his claims against Defendant Wise. *See Jones,* 549 U.S. 199, 218 (2007); *see also Burns*, 752 F.3d 1136, 1142 (8th Cir. 2014). Accordingly, the Court finds there are no genuine issues of material fact regarding Plaintiff's failure to satisfy the PLRA exhaustion requirement regarding Defendant Wise, and the Court recommends Defendant Wise be dismissed from this matter.

## IV.  CONCLUSION

For the reasons stated above, I recommend Defendants' Partial Motion for Summary Judgment (ECF No. 14) be **GRANTED** and Defendant Wise be dismissed **WITHOUT PREJUDICE**.[2]  Plaintiff's individual and official capacity claims against Defendant Merchant shall remain.

**Referral Status**:  This case should remain referred for all matters not disposed of in this Order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of January 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2]  Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice.  *See Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010).